Hall, Judge.
 

 It may be admitted, that a writ of error is not the proper remedy in this cace, because
 
 Bled-soe
 
 has not made himself a party to the suit by coming into Court, and confessing lease, entry and ouster, and being admitted to plead. No person can have a writ of
 
 *316
 
 error, but a party or privy to tiie suit.
 
 ('Run. on Eject.
 
 421.) Yet lie discloses such facts in his affidavit, as entitle him to relief.
 

 If
 
 Bledsoe
 
 was not a party to the suit, the only parties to it were the Plaintiff and the fictitious casual'ejector. Thus situated, if judgment was entered against the casual ejector, and a writ of
 
 habere facias possessionem
 
 was issued against him, every person in possession claiming title to the land, and who might have had a good title to it, would be turned out of possession. This would be iniquitous and oppressive, and a gross violation of the principle, that no man shall be deprived of his property without a hearing, or an opportunity of making his de-fence. Hence it is, in order that the fictions in this action shall do no wrong, that the Courts will not permit judgment to be entered against the casual ejector, unless it is made to appear, that notice has been given to the tenant in possession, and a declaration served on him, whereby he may become a Defendant in the suit, if he thinks proper. The affidavit setting forth the facts should be positive, that the person on whom the notice has been served was the
 
 tenant
 
 in possession, or acknowledged himself to he so.
 
 (Run, on Eject.
 
 158.) Has this been done in the present case ? Or if it was not, ought a judgment by default to have been entered against the casual ejector ? Or ought a
 
 habere facias possessionem
 
 to have issued, and thereby dispossessed the tenant in possession ?
 

 The 14th section of the act of 1777,
 
 (Rev. c.
 
 115,} directs, that all writs and other process, shall be executed, at least ten days before the beginning of any term. The declaration in this case, as appears from the record sent here, was served eight days before the beginning of the Court, to which it was returnable. And if it was served in sufficient time, the particular manner of executing it does not appear, it may have been served on the tenant, or on his wife, or on some other of the fams-
 
 *317
 
 iy, or it may have been fixed to the door of the house. In the latter cases, it would have been proper to procuro a rule against the tenant, to show cause, why such service should not be sufficient, before judgment should be entered against the casual ejector.
 
 (Sprightly
 
 v. Dunch,
 
 2 Bur.
 
 1116.) I therefore think, that there was not sufficient service of the declaration on
 
 Bledsoe.
 

 I have taken it thus far for granted, that
 
 Bledsoe
 
 was the tenant in possession. But did that fact appear judicially to the Court, when judgment was entered against the casual ejector ? The Sheriff’s return, to make the most of it, only proves that notice was served on
 
 Bledsoe,
 
 but not that
 
 Bledsoe
 
 was the tenant in possession. Suppose that A. B. and not Bledsoe, was the tenant in passion, and had a good title to the land, and the Plaintiff and
 
 Bledsoe
 
 had fraudulently combined to dispossess him of it, their object might be effected by a proceeding like the present.
 

 Although the affidavit of
 
 Bledsoe
 
 cannot be received, tb contradict the Sheriff’s return, it may be received to influence the discretion of the Court, in setting aside the judgment against the casual ejector. Indeed it does not appear, that there is a contradiction between them. The notice might have been served on
 
 Bledsoe’s
 
 wife, or left pt his house, and at the same time
 
 Bledsoe
 
 might have been in jail in Virginia. Ho swears to that fact, and thereby furnishes an irresistible reason, why the judgment should be set aside. 1 think the judgment of the Superior Court, which placed the suit upon the trial docket, and ordered restitution to be made, was correct, and ought to be affirmed.
 

 Per Curiam. — Let the judgment below be affirmed.